GARDENIA ESTATES, a corporation, *Appellant*, v. GROVE LAND & TIMBER COMPANY, a corporation, *Appellee*.

140 So. 787.

Division B.

Opinion filed February 18, 1932.

Petition for rehearing denied March 14, 1932.

*Arthur R. Thompson,* of St. Petersburg, for Appellant;

286

*Wylie, Warren & Emmert,* of St. Petersburg, for Appellee.

DAVIS, J.—This suit was commenced in the Circuit Court in and for Pinellas County, Florida, by the appellee, Grove Land & Timber Company, a Missouri corporation, filing a bill to foreclose a mortgage on approximately thirteen hundred acres of land in that County against the appellant, Gardenia Estates, a Florida corporation. The bill of complaint was in the usual form and the appeal is from a final decree of foreclosure entered by the Chancellor after sustaining demurrers to certain portions of the answer which had been filed by the defendant to the bill of complaint.

The original answer of the defendant raised the question of the interpretation to be placed by the Court upon the following release clause contained in the mortgage:

"The party of the second part, the Mortgagee, hereby agrees that upon payment to it of Three Hundred Dollars ($300.00) per acre by the party of the first part, the Mortgagor, its successors, legal representatives or assigns, it will release, by proper instrument in writing, any of the lands in Sections Thirty-five (35) and Thirty-six (36), Township Twenty-nine (29) South, Range Sixteen (16) East in Government lots, and any of the lands hereinbefore described in Sections One (1), Two (2), and Twelve (12) Township Thirty (30) South, Range Sixteen (16) East, and the lands hereinbefore described in Section Six (6), Township Thirty (30) South, Range Seventeen (17) East in Forty acre tracts or any multiples thereof (all forty acre tracts to be released in Quarter Quarter Sections except fractional Quarter Quarter Sections which are to be released on the basis of the actual acreage in each respective fractional Quarter Quarter Section) any such release payments so made to the party of the second part shall be applied on the note or notes last to become due under this mortgage."

The theory of the defendant was that it had the right to show by testimony the surrounding circumstances and conditions of the parties to the mortgage deed at and before the date of its execution in order that the Court might be advised of the proper construction to be placed upon said release clause. It was contended that the release clause of the mortgage was worded in such a way that it can reasonably be construed to mean that release payments might include payments made on maturity date of notes or payments made prior to the date of the mortgage; that the defendant had the right to show by parol testimony that it was agreed by the parties to the mortgage deed that the sums already paid would be considered release payments and that such showing would not be the proving of a collateral, contemporaneous and inconsistent agreement in contradiction of the release clause as written. This was attempted to be done by pleading two contracts entered into by the complainant with a third party and assigned thereafter to the defendant prior to the time a deed and mortgage was executed.

While it is undoubtedly true that where the language used is ambiguous, surrounding circumstances, such as the situation of the parties at the time of executing a mortgage, and the nature and purpose thereof, should be considered, and such surrounding circumstances may be looked to in aid of interpreting the mortgage (McGhee Interests vs. Alexander National Bank, 102 Fla. 140, 135 Sou. Rep. 545) the answer to which the demurrer was sustained in this case does not warrant the application of that rule.

The answer sets up allegations concerning down payments and claims the benefit of pre-existing contracts executed with others than the defendant for the purpose of showing a right to releases of land from the mortgage in proportion to the amounts paid prior to and at the

time of the execution of the mortgage being foreclosed.

Since the release clause in the mortgage only and not that of the contracts was involved, the defendant so answering showed no right to take advantage of any release clause contained in the outside contracts referred to, which would have been in derogation of the release clause as expressed in the mortgage. The contracts with the release clauses relied on, appear to have been merged in and superseded by the provisions of the mortgage which provisions of the mortgage had no doubt been incorporated in it to cover that subject. Therefore, no error was committed in sustaining the demurrer, which was the appropriate method by which to attack the answer for insufficiency in law to state a defense. See Chapter 13660, Acts of 1929, Laws of Florida.

Following the sustaining of the demurrer to the first answer and a subsequent amendment, to which a demurrer was also sustained, the defendant filed an amended one. By the amended answer as amended, it was alleged that the release clause as contained in the mortgage sought to be foreclosed, utterly failed to show the true understanding of the parties,—that the clause in question, as phrased, was due to a mutual mistake of the parties and was not in accordance with their actual agreement.

In substance the amended answer as amended alleged that the mortgage release clause did not express the true agreement of the parties to it; that the actual agreement intended to be evidenced thereby was that a release clause would be placed in said mortgage in order to secure M. W. Goodell and J. George Young, *and the defendant* as well, the right to obtain a certain portion of the lands, even though the mortgagor should be unable to carry out the agreement and make all payments required by it; that at the time of the execution of the mortgage, it was supposed that the release clause therein

set forth carried out the intent and understanding of the parties to that effect; that the release clause, however, was erroneously made in the mortgage in the form which appeared in the pre-existing contracts and was not in accord with the true agreement, because of a mistake of the scrivener who prepared the mortgage deed; that such mistake in the mortgage was not noticed by either party until long after its delivery; that because the mortgage and the release clause incorporated in it was through mistake of the scrivener made to follow a similar clause contained in the contracts that the release clause expressed in the mortgage did not reflect the true intent of the parties; that the mistake was mutual and that defendant upon learning of it, immediately took steps to have it corrected by reformation.

Defendant prayed for affirmative relief by a decree reforming the mortgage by striking therefrom the release clause and by so reforming the mortgage that it would correctly set forth the true agreement of the parties (as the Court might find such agreement or contract to be), and for accounting. To this amended answer as amended, the Chancellor sustained a demurrer, and his order thereon is assigned as error.

We are of the opinion that this assignment of error is well taken.

The contracts, deed and mortgage referred to in the amended answer as amended, appear to have been co-related parts of one and the same general transaction. If, as alleged by appellant, the release clause of the contracts did not express the intention of the parties as to the release clause which should be in the mortgage, and such mistake was by copying the contract release clause carried into the mortgage deed through mutual mistake of the parties to that deed, in the belief that by copying into the mortgage deed the release clause of the con-

tracts, the mortgage deed would express the true intent of the parties, as intended to be expressed but not expressed truly in the release clause contained in the contracts, that mistake would be correctible in equity. Being so, it was also capable of being asserted under the statute which permits a defendant in an equity suit to set up, by way of counterclaim, any matter against the complainant which might be the subject of an independent suit in equity against him with reference to the same transaction. Section 4906 C. G. L., 3120 R. G. S.

The fact that the contracts are not to be reformed or corrected in the present suit is immaterial. The gist of the counterclaim is that the mortgage deed requires reformation to express the true agreement of the parties with reference to the release clause which was intended to be put in the mortgage. The pleading of the contracts is only material as demonstrating the mistakes in the mortgage deed which should not have followed the contracts in this particular. It appears that the contracts were made in the first place for the benefit of appellant corporation by its promoters, and that they were afterwards legally assigned to it by an instrument of writing prior to the date of the mortgage sought to be foreclosed and that the contracts contemplated the mortgage. For this reason the agreement for releases was not wholly personal to Goodell and Young, the assignors, especially in view of the fact that the mortgage is binding upon the successors of the parties. Appellant therefore sufficiently disclosed its right to have the mortgage deed reformed, should it be able to make it appear as alleged in its answer, that the facts relating to the transaction required reformation of the mortgage to correct a mutual mistake of the parties in reducing the covenants of the mortgage to writing.

In Capital City Bank v. Hilson, 64 Fla. 206, 60 Sou.

Rep. 189, this Court upheld an order overruling a demurrer to a bill of complaint filed to reform a written contract which had been construed contrary to the complainant's contentions as to its legal meaning, in Capital City Bank v. Hilson, 59 Fla. 215, 51 Sou. Rep. 853. It was there contended that the complainant was not entitled to reformation because he had put the wrong construction on a writing on which he had recovered a judgment at law based on such wrong construction, which judgment had been reversed by this Court, but the Court held on the authority of Jacobs v. Parodi, 50 Fla. 541, 39 Sou. Rep. 833, and other cases, that there was equity in the bill and affirmed the order overruling the demurrer.

In a case decided at the present term (McEwen v. Growers Loan & Guaranty Co.) we upheld the right of complainant in a mortgage foreclosure to have reformation of a description of the mortgaged property contained in a mortgage, which it appeared had been erroneously taken and transcribed from a previous one between the same parties. On the same principle, we perceive no reason why the defendant in a mortgage foreclosure case may not, with propriety, under the statute permitting answers praying for affirmative relief, have reformation of features of a mortgage being foreclosed, which if reformed, will give such defendant a good ground of defense against a foreclosure of such mortgage on part of the land subject to the mortgage lien as written, to which mortgage as written the defense would not be applicable without reformation.

Defendant in such cases is of course required to sustain the same burden of proof in support of his prayer that the instrument be reformed, that he would be required to submit to, if his suit were by bill of complaint filed against the apposite party before any foreclosure

was attempted. But in the absence of a showing of want of equity in the answer when tested by the same considerations which would be applicable to like allegations contained in a bill of complaint, a demurrer thereto should not be sustained.

For the reasons pointed out, the final decree is reversed with directions to overrule the demurrer to the amended answer as amended and have such further proceedings as may be according to law and equity.

Reversed with directions.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

ON PETITION FOR REHEARING.

PER CURIAM.—Nothing has been passed upon with reference to defendant's answer seeking reformation of the release clause save that the answer states an equitable ground for reformation, if established by the required degree of proof, and that therefore the court erred in eliminating it on demurrer.

The case of Capital City Bank v. Hilson, 64 Fla. 206, 60 Sou. Rep. 609, was referred to in the original opinion as being authority sufficient to support the equity of the answer. In that case the reformation was not sought until after the Supreme Court in the earlier case of Capital City Bank v. Hilson, 59 Fla. 215, 51 Sou. Rep. 853, had held contrary to what the complainant had theretofore successfully asserted was the proper legal construction of the paper sought to be reformed.

If equitable defenses exist to the reformation sought by the answer, they should be asserted by appropriate pleading in reply to the answer seeking affirmative relief. Our holding here is that the allegations of the answer would be sufficient to support a bill of complaint

for reformation and are therefore sufficient to support an answer seeking affirmative relief which could be secured by a separate reformation suit if the present case were not pending.

The petition for rehearing should be denied and it is so ordered.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.